USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/9/2025

October 9, 2025

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: ***Jhuca et al. v. Aviles-Ramos et al.*, 25-cv-03308**

Dear Judge Vyskocil:

      As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter, brought under the Individuals with Disabilities Education Act ("IDEA"). Pursuant to Your Honor's Individual Practices, Rule 9, Plaintiffs respectfully requests permission to file the administrative record here ("Record") under seal. In any action brought under 20 U.S.C. § 1415 (i)(2), the Court shall, *inter alia*, receive the records of the administrative proceedings. *See* 1415 (i)(2)(C)(i). Plaintiffs have conferred with counsel for the Defendants, who does not object to this motion.

      Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

      One such competing interest weighing against disclosure is "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). "Documents may be sealed if specific, on-the-record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Matter of New York Times Co.*, 828 F.2d at 116).

      Courts often permit filings under seal in IDEA cases to protect the privacy interests of minor plaintiffs, including the confidentiality of their medical and other sensitive information. *See, e.g., J.L. on behalf of J.P v. New York City Dep't of Educ.*, No. 17 Civ. 7150, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024).

      Here, the Record contains confidential and personally identifiable information about K.A., a minor, including sensitive details about her health and education. The disclosure of such information is protected by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by state and local agencies."

      Children with disabilities and their parents have a right to the "confidentiality of any personal identifiable data, information, and records" as stated in 20 U.S.C. § 1415(h)(4), 1417(c). Safeguarding the disclosure of this highly sensitive information is of strong interest and supports sealing the Record. Sealing the Record is also narrowly tailored to satisfy this interest. Although redaction is theoretically possible, it would be too burdensome because the record exceeds 900 pages and is filled with confidential information.

      Furthermore, the information that needs to be redacted is private information about K.A., including details regarding her health status, disabilities, and the health and educational services she requires to receive a free appropriate public education under the IDEA. 20 U.S.C. § 1440 et seq. This information is vital for a thorough understanding and assessment of the merits of this case. For example, evaluating the merits of this action will require Your Honor to review the Individualized Education Program ("IEP") that the Defendants created for Plaintiff K.A. to determine whether the IEP addressed K.A.'s educational and health needs and provided her with a free appropriate public education.

      Redacting these health and educational needs would make the IEP unintelligible and useless for evaluating this action. Because sealing the Record is the only way for the Court to both protect the compelling privacy interests of the Plaintiff and ensure the Record remains useful in evaluating this case, the Plaintiff should be permitted to submit the Record as a sealed filing.

      Plaintiffs thanks the Court for its courtesy and consideration in this matter.

Respectfully submitted,

## Rory J. Bellantoni

Rory J. Bellantoni (RB2901)

Cc: All Counsel of Record via ECF

---

IT IS HEREBY ORDERED that Plaintiffs' request to seal is provisionally GRANTED pending the resolution of the pending Motion for Summary Judgment. [ECF No. 16].
SO ORDERED.

Date: 10/9/2025
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge