USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNA JHUCA and VICTOR ARTEAGA, as Parents and Natural Guardians of K.A., and JOANNA JHUCA and VICTOR ARTEAGA, Individually,

Plaintiffs,

-against-

MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the NEW YORK CITY DEPARTMENT OF EDUCATION, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

1:25-cv-03308-MKV

MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs are parents who commenced this action on behalf of their minor child, K.A., who has been classified as a student with a disability pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*

Plaintiffs and Defendants have each cross-moved for summary judgment. [ECF Nos. 16, 25]. Plaintiffs seek an order: (1) "conducting an independent review of the administrative record"; (2) reversing a decision by a State Review Officer ("SRO") issued on December 19, 2024 that they allege erroneously denied a requested "pendency order" based on an earlier issued SRO decision; (3) "declaring that [the International Academy for the Brain ["iBrain")] was K.A's pendency placement for the 2023-2024 school year" ("23-24 SY"); (4) declaring that K.A. is "entitled to an order declaring her pendency placement" to be at iBrain, which includes funding for related services, "including special transportation and 1:1 nursing services during the" 23-24 SY; (5) issuing an injunction for the Department of Education ("DOE") to "immediately fund" K.A.'s outstanding balance for the costs and related services at iBrain for the 23-24 SY; (6) an order that

Defendants pay the costs and attorneys' fees for maintaining this action; and (7) any other relief deemed proper. In essence, based upon an SRO decision with respect to the prior 2022-2023 school year, Plaintiffs seek an order establishing that K.A.'s pendency for the 23-24 SY includes tuition at iBrain as well as special transportation and 1:1 nursing services, and, relatedly, for Defendants to fund any outstanding balance Plaintiffs have for that school year.

Defendants have cross-moved for summary judgment in their favor, [ECF No. 25], affirming the SRO's decision to not issue a pendency order. They argue that while K.A.'s pendency placement for the 23-24 SY was at iBrain, it does not include special transportation and 1:1 nursing services. Thus, while the parties agree that iBrain was K.A.'s pendency placement for the 23-24 SY and Defendants must pay tuition at iBrain for that school year, they disagree as to whether K.A.s' pendency placement for the 23-24 SY also includes the expanded services of special transportation and 1:1 nursing services.

For the reasons set forth below, Plaintiffs' motion for summary judgment is granted and Defendants' cross-motion for summary judgment is denied.

## BACKGROUND

### I. Relevant IDEA Statutory Framework

The IDEA is designed "to ensure that all children with disabilities have available to them a free appropriate public education [('FAPE')] that emphasizes special education and related services designed to meet their unique needs." *See* 20 U.S.C. § 1400(d)(1)(A); *see also* 20 U.S.C. § 1412(a)(1)(A). To provide a FAPE to each student with a disability, a school district must develop, review, and revise an "individualized education program" ("IEP") for each eligible child. *See* 20 U.S.C. § 1412(a)(4); *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020). Parents who are dissatisfied with a school district's IEP for their child for a given

school year may unilaterally place their child in a private school and seek retroactive tuition reimbursement from the school district. *See Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 159 (2d Cir. 2021) (citing 20 U.S.C. § 1412(a)(10)(C)(ii)). However, a parent who unilaterally places his or her child in a private school does so "at their own financial risk." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (quoting *Ventura de Paulino*, 959 F.3d at 526).

Relevant here, the IDEA provides a variety of "procedural safeguards with respect to the provision of" a FAPE by school districts. 20 U.S.C. § 1415(a). In furtherance of these requirements, New York and federal law establish a two-tier system of administrative review and corresponding regulatory deadlines by which the stages of administrative review must be accomplished. *See Ventura de Paulino*, 959 F.3d at 526. This system of review is the key issue in this case.

The first tier entitles a parent dissatisfied with a proposed IEP to file a due process complaint challenging the IEP and having it reviewed by an impartial hearing officer ("IHO"). N.Y. Educ. Law § 4404(1); *see also* 20 U.S.C. § 1415(f). Pursuant to New York and federal regulations, an IHO must render a decision no "later than 45 days from the day after" the expiration period of the initial resolution process, 8 N.Y.C.R.R. § 200.5(j)(5); 34 C.F.R. § 300.515(a), which is 30 days after a due process complaint has been filed. *See* 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.515(b); *see also Polanco v. Banks*, No. 23-373, 2024 WL 2105530, at *1 (2d Cir. May 10, 2024). In short, a final decision must be rendered on a due process complaint by an IHO within seventy-five days of receipt of the complaint by the relevant educational agency. *See Z.Q. by G.J. v. New York City Dep't of Educ.*, No. 22-939, 2023 WL 1486387, at *2 (2d Cir. Feb. 3, 2023) (summary order); *S.H.W. v. New York City Dep't of Educ.*, No. 21-cv-4808 (JPC), 2023 WL 2753165, at *2 (S.D.N.Y. Mar. 31, 2023).

Any party aggrieved by an IHO decision may then proceed to the second tier and appeal to a State Review Officer ("SRO"). *Ventura*, 959 F.3d at 526. Under New York regulations, an appeal of an IHO's decision to an SRO must be initiated by timely personal service on the DOE of a verified request for review within 40 days of the IHO's decision. *See* 8 N.Y.C.R.R. § 279.4(a); *see also Khanimova v. Banks*, No. 23-cv-4124 (JPO), 2024 WL 2093470, at *2 (S.D.N.Y. May 9, 2024), *appeal withdrawn*, No. 24-1577, 2024 WL 5088306 (2d Cir. Sept. 12, 2024); *Polanco v. Porter*, No. 21-cv-10927 (MKV), 2023 WL 2751340, at *1 (S.D.N.Y. Mar. 31, 2023). Further, New York regulations require that the SRO issue a decision within thirty days following receipt of the request for review. 8 N.Y.C.R.R. § 200.5(k)(2); *see also S.H.W.*, 2023 WL 2753165, at *6.

Of course, an IHO and an SRO may grant an extension of the deadlines "at the request of either party." 34 C.F.R. § 300.515(c); *see also S.H.W.*, 2023 WL 2753165, at *7.

The IDEA's "stay put" or "pendency" provision, 20 U.S.C. § 1415(j), provides, inter alia, that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." 20 U.S.C. § 1415(j); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014) (noting that 20 U.S.C. § 1415(j) "reflects Congress's decision that all disabled children should keep their existing educational program until any dispute over their placement is resolved"). The "then-current placement"—*i.e.*, the pendency placement—typically refers to the last agreed upon education placement for the child before the parent filed their due process complaint challenging the school district's provision of a FAPE. *Ventura*, 959 F.3d at 532. Accordingly, a school district must fund the last-agreed upon educational placement until the relevant administrative and judicial proceedings are completed. *T.M.*, 752 F.3d at 171.

Of course, an established pendency placement may be changed under certain circumstances. Relevant here, a pendency placement may change "if an [IHO] or [SRO] finds the parents' new placement to be appropriate by adjudicating" the due process complaint in the parents' favor and the school district declines to appeal. *Ventura*, 959 F.3d at 532.[1]

**II. Factual and Procedural History**

The following background is drawn from Plaintiffs' Local Rule 56.1 Statement, [ECF No. 17], Defendants' Counter-Statement to Plaintiffs' Local Rule 56.1 Statement ("Defs. Counter-Statement"), [ECF No. 27],[2] and the administrative record ("AR") including the appealed SRO decision issued on December 19, 2024 ("Dec. 19, 2024 SRO Decision").[3] The Court also draws from the highly relevant SRO decision issued on July 1, 2024 ("July 1, 2024 SRO Decision) in a separate administrative proceeding that Plaintiffs brought on behalf of K.A. that is attached to Plaintiffs' complaint at ECF No. 5-1, is cited to in the parties' Local Rule 56.1 Statement, *see* Defs. Counter-Statement ¶ 3, and is extensively referenced in the parties' briefing.[4]

***A. The April 20, 2023 Due Process Complaint***

K.A. is a child with a disability as defined by 20 U.S.C. § 1401(3). Defs. Counter-Statement ¶ 2. On April 20, 2023, Plaintiffs filed a due process complaint ("April 2023 DPC") alleging that DOE denied K.A. a FAPE for a portion of the 2022-2023 school year and the 23-24

[1] Additionally, a pendency placement can be changed "(1) by an agreement of the parties" or by a district court on appeal from an SRO's decision. *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 697 (S.D.N.Y. 2006).

[2] The Court notes that, in violation of this Court's Individual Rules of Practice in Civil Case, Defendants failed to submit their own Local Rule 56.1 Statement in support of their cross-motion. *See* Individual Rules § 5.C. Nonetheless, Defendants' memorandum of law contains a statement of facts that includes purported facts, with no supporting citation to the administrative record, that were not addressed in their Counter-Statement to Plaintiff's Local Rule 56.1 Statement. Accordingly, the Court will not consider Defendants' factual averments that are not supported by appropriate citations to the administration record.

[3] The December 19, 2024 SRO Decision is located at AR-9-16.

[4] Neither party points to where in the voluminous administrative record this decision is located despite heavily relying on it.

SY. Defs. Counter-Statement ¶ 4; AR-11, 462-63. Plaintiffs requested an immediate pendency hearing and an interim order of pendency. Defs. Counter-Statement ¶ 4. Thereafter, the assigned IHO dismissed Plaintiffs' claim for the 23-24 SY without prejudice as premature and speculative. AR-11. On July 12, 2023, the IHO issued a pendency order (the "July 12, 2023 Pendency Order") directing that K.A.'s pendency placement, effective as of April 21, 2023, consisted of K.A.'s "continued placement at iBrain and that the DOE shall provide 'appropriate accommodations in order for the student to be transported safely to and from iBrain." AR-419-21. The July 12, 2023 Pendency Order noted that it "shall remain in full force and effect until the Parents' withdrawal of the case or a final decision on the merits." AR-421. It did not include any requirement of direct funding for special transportation or 1:1 nursing services. AR-419-21.

While neither party addresses it, it appears that the IHO thereafter issued a decision on the April 2023 DPC on March 31, 2024, determining that DOE had failed to offer K.A. a FAPE for the challenged portion of the 2022-2023 school year, but that equitable considerations did not weigh in favor of an award of direct funding for iBrain tuition. *See* July 1, 2024 SRO Decision.[5] At some point, Plaintiffs appealed that IHO decision to an SRO. On July 1, 2024, the SRO reversed the portion of the IHO decision that found equitable considerations weighed against granting relief and ordered that for the challenged portion of the 2022-2023 school year (April 17, 2023 to June 23, 2023) DOE was required to fully fund K.A.'s tuition at iBrain as well as the costs of 1:1 nursing services and special transportation as reflected in the contract Plaintiffs had entered into for those services. *Id.* Notably, the SRO limited its holding to ordering funding only for so long as K.A. was in school at iBrain and excluded any funding for the period of June 23 to June 30, 2023,

[5] The parties do not discuss the IHO's March 31, 2024 decision and it is not included in the record. The Court draws this fact from the July 1, 2024 SRO decision that resolved the appeal of the March 31, 2024 IHO decision.

because the parents were aware "K.A. would not be in school" at that time and thus those services were not provided for those days. *Id.* Thus, as of that date, the July 1, 2024 SRO Decision, which resolved the April 2023 DPC established a new pendency for K.A.—one that, in addition to iBrain tuition, now also included special transportation and 1:1 nursing services. *See Ventura de Paulino*, 959 F.3d at 526 (the term "then-current educational placement" refers to the "general type of educational program in which a child is placed—*i.e.*, the classes, individualized attention and additional services a child will receive") (citation modified).

***B. July 5, 2023 Due Process Complaint***

As the litigation concerning the April 2023 DPC played out, on July 5, 2023, a week before the July 12, 2023 Pendency Order was issued in the April 2023 DPC litigation, Plaintiffs filed another due process complaint ("July 2023 DPC") alleging that the DOE denied K.A. a FAPE for the 23-24 SY and requested pendency, consisting of direct payment of tuition and related costs at iBrain and direct payment for special transportation services. AR-12. On July 5, 2024, four days after the July 1, 2024 SRO Decision was issued in the earlier administrative proceeding concerning the 2022-2023 school year, Plaintiffs requested in the July 2023 DPC proceeding that the IHO issue an order on pendency based on the July 1, 2024 SRO Decision from the earlier April 2023 DPC proceeding. Defs. Counter-Statement ¶ 5.[6]

On either June or July 15, 2024,[7] the IHO, without addressing pendency, concluded that the DOE had provided K.A. a FAPE for the 23-24 SY and dismissed Plaintiffs' claims. AR-12-15, 28. Plaintiffs appealed and the SRO, on September 20, 2024, reversed the IHO and concluded

[6] Defendants purport to object to this fact but the evidence they cite simply states that the parents requested "that the IHO issue an order on pendency based on the issuance of the July 1, 2024 Decision." Defs. Counter-Statement ¶ 5 (citing R-15).

[7] The December 19, 2024 SRO Decision conflictingly states that the IHO decision came down on July 15, 2024, R-12, and elsewhere that it was issued on June 15, 2024. R-15.

that K.A. was denied a FAPE for the 23-24 SY and remanded for the IHO to determine "whether unilateral placement of the student at iBrain was appropriate and whether equitable considerations weighed in favor of granting tuition funding and related expenses." AR-12. Based on the record before the Court, the July 2023 DPC proceedings concerning the 23-24 SY remain ongoing. AR-12.[8]

After the SRO reversal and remand to the IHO, Plaintiffs renewed their request to the IHO in the July 2023 DPC proceeding for an order on pendency based on the July 1, 2024 SRO Decision with respect to the prior school year. Defs. Counter-Statement ¶ 9. The IHO declined to issue a pendency order indicating that it would only address issues stated in the September 20, 204 SRO Decision. Defs. Counter-Statement ¶ 10. Plaintiffs then appealed that denial to the SRO. Defs. Counter-Statement ¶ 11.

On December 19, 2024, the SRO affirmed the IHO's denial to issue a new pendency order for the 23-24 SY based on the July 1, 2024 SRO Decision with respect to the prior school year. *See* AR-9-16. In assessing the request, the SRO first noted that the IHO in the April 2023 DPC proceedings had issued a pendency order, effective as of April 20, 2023 that required the DOE to fund iBrain tuition and to provide reasonable transportation accommodations. R-14. In turn, the SRO noted that the July 1, 2024 SRO Decision ultimately resolved that proceeding and required the DOE to fully fund the student's tuition at iBrain as well as the costs of 1:1 nursing services and special transportation for April 17, 2023 to June 23, 2023. R-12, 14.

With respect to the request for a new pendency order for the 23-24 SY, the SRO stated in relevant part:

---

[8] In their memorandum of law, Defendants, without any citation to the record, aver that the IHO on remand issued a decision in February 2025 that denied relief for the 23-24 SY, but that Plaintiffs have appealed that decision to the SRO, which is still pending. Defs. Mem. at 8.

> Here, the hearing record indicates that as of the issuance of the July 1, 2024 SRO decision, the basis for pendency is the July 1, 2024 SRO decision and there is no indication in the hearing record that the district is unwilling to implement pendency pursuant to that decision **as of that date**. As there was no dispute as to what pendency consisted of, the IHO was correct to not issue an interim order on pendency as it would have been a waste of limited judicial resources. The parent points to no need for the IHO to issue an order further compelling the district to fund the student's pendency placement other than it appears that she simply wanted the student's pendency placement officially reduced to an order within the context of the due process proceeding; however, an order by the IHO under these circumstances was unnecessary because the automatic injunction pursuant to the statute was in place and the district was meeting its obligations.

AR-15 (emphasis added). The SRO went on to explain that "a claim was not ripe when there was no evidence that the district was contesting the pendency placement or that the student would lose the placement at iBrain and, as such, a claim is not ripe unless and until the district violates its legal obligation." AR-15. Accordingly, the SRO affirmed the IHO's decision to not render a pendency order, but cautioned that should the DOE "contest the student's pendency placement or fail to meet its pendency obligations, the parents may address this issue in the context of the remanded proceedings before the IHO or in another appropriate forum." AR-15-16.

***C. The Present Litigation***

Plaintiffs initiated this action on April 21, 2025 with the filing of a complaint, appealing the December 19, 2024 SRO Decision denying a new pendency order. Plaintiffs assert that, to date, DOE has failed to meet its pendency obligations as it has not fully funded K.A.'s pendency at iBrain for the 23-24 SY and that an outstanding balance of $265,960.00 remains for 1:1 nursing services. Defs. Counter-statement ¶¶ 14-15. Defendants contest these allegations by merely referring to the December 19, 2024 SRO Decision. Defs. Counter-statement ¶¶ 14-15.

In their memorandum of law, Defendants assert, without any supporting citation, that DOE has fully funded K.A.'s tuition at iBrain for the 23-24 SY in the amount of $298,696,000. Defendants contend this is all the DOE is required to do under what they assert is the applicable

pendency order—the July 12, 2023 Pendency Order. Defs. Mem. at 9, 11-12. For their part, Plaintiffs appear to concede that DOE has funded tuition payments at iBrain for the 23-24 SY and aver only that "DOE has failed to make all of its uncontested pendency payments—pendency funding remains outstanding for 1:1 nursing and, upon information and belief, transportation." [ECF No. 28 at 14]; *see also* Declaration of Rory J. Bellantoni, Esq. ("Bellantoni Decl.") ¶¶ 7-9 [ECF No. 18].

Now before the Court are the parties' fully briefed cross-motions for summary judgment. In support of their motion for summary judgment, [ECF No. 16], Plaintiffs have filed a memorandum of law ("Pls. Mem."), [ECF No. 19], a Local Rule 56.1 Statement, [ECF No. 17], a declaration of Rory J. Bellantoni, Esq. ("Bellantoni Decl."), [ECF No. 18], and the Administrative Record ("AR") under seal. [ECF No. 21].[9]

In support of their cross-motion for summary judgment, [ECF No. 25], Defendants have filed a memorandum of law ("Defs. Mem.") [ECF No. 26], and a Counter-Statement to Plaintiffs' Local Rule 56.1 Statement ("Defs. Counter-Statement"), [ECF No. 27]. Plaintiffs filed a reply and opposition to Defendants' cross-motion ("Pls. Reply"). [ECF No. 28]. Ten days after the Court-Ordered deadline to file their reply, Defendants filed a letter attaching their reply ("Defs. Reply") and explained that their untimeliness was due to confusion over whether the reply had. in fact, been filed after turnover among the lawyers handling this case. [ECF No. 32]. The Court has considered Defendants' Reply, finding good cause for the untimeliness.

---

[9] Plaintiffs have filed a separate letter motion to seal the administrative record. [ECF No. 20; *see also* ECF No. 22 (provisionally granting the request pending resolution of the cross-motions for summary judgment)]. The Court now grants Plaintiffs' motion to maintain the administrative record under seal. *See Cohen v. Aviles-Ramos*, No. 25-cv-1195 (JMF), 2025 WL 3715102, at *4 (S.D.N.Y. Dec. 22, 2025) ("Filing the entire administrative record [in an IDEA case] under seal is narrowly tailored to protect those privacy interests because the record is voluminous and riddled with confidential information.").

For the reasons set forth, Plaintiffs' motion for summary judgment is granted and Defendants' cross-motion for summary judgment is denied.

**LEGAL STANDARD**

In an IDEA case, a motion for summary judgment is treated as "an appeal from an administrative determination, not a summary judgment motion." *C.S.,* 990 F.3d at 165 (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). Courts thus "engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *Id.* (citation modified). A review of an SRO decision at summary judgment requires "an independent, but circumscribed, review, more critical than clear-error review but well short of complete *de novo* review." *Phillips v. Banks*, No. 23-362, 2024 WL 1208954, at *2 (2d Cir. Mar. 21, 2024) (summary order) (quoting *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016)).

Courts "must give due weight to [IDEA administrative] proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *C.S.*, 990 F.3d at 165 (quoting *M.H.*, 685 F.3d at 240). Where the IHO and SRO are in agreement, deference to their decisions is typically appropriate. *C.W. v. City Sch. Dist. of the City of New York*, 171 F. Supp. 3d 126, 131 (S.D.N.Y. 2016) (collecting cases). However, with respect to issues of law, "courts owe no deference to state hearing officers." *C.S.*, 990 F.3d at 165.

**DISCUSSION**

Plaintiffs' sole argument is that the SRO below erred in failing to enter a pendency order declaring that the July 1, 2024 SRO Decision established pendency for the 23-24 SY and thus entitles them to reimbursement for special transportation and 1:1 nursing services, in addition to

iBrain tuition, for that school year. Pls. Mem. at 17-19; Pls. Reply at 5 (arguing "K.A.'s pendency [for the 23-24 SY] was set by [the July 1, 2024 SRO Decision]"). Defendants oppose and argue that the July 1, 2024 SRO Decision only established a new pendency *from that date onward*. They further argue that the July 12, 2023 Pendency Order, which only required them to fund iBrain tuition and provide reasonable transportation accommodations, set her pendency placement for the 23-24 SY and that they have complied with that order. Defs. Mem. at 11-13. Thus, while the parties agree that the July 1, 2024 SRO Decision changed K.A.'s pendency in that it expanded what DOE had to fund to provide K.A. a FAPE at iBrain, they dispute what effect this decision had on K.A.'s pendency for the 23-24 SY.

It is undisputed, and the parties explicitly agree, that K.A.'s pendency for 23-24 SY was at iBrain and DOE, at a minimum, must fund K.A.'s iBrain tuition for the 23-24 SY. Therefore, the only issue on appeal is whether the expanded services mandated by the July 1, 2024 SRO Decision, namely special transportation and 1:1 nursing services, apply retroactively to the 23-24 SY.

To resolve the principal dispute in this case, the Court must determine whether the July 1, 2024 SRO Decision should operate to retroactively change K.A.'s pendency placement at iBrain and to include the additional special transportation and 1:1 nursing services for the 23-24 SY, and, if so, on what date. Instructive is the Second Circuit's decision in *Mackey ex rel. Thomas M. v. Board of Education for Arlington Central School District*, 386 F.3d 158 (2d Cir. 2004). In *Mackey*, the Second Circuit confronted a situation where parents unilaterally transferred their disabled child to a private school (Maplebrook) for the 1999-2000 school year and filed a due process complaint to obtain tuition reimbursement for that school year. 386 F.3d at 161. As the administrative proceedings dragged on, the child remained in that private school for the subsequent 2000-2001 school year. *Id.* Ultimately, the SRO in November 2001 (during the subsequent 2001-2002 school

year) found in the parents' favor and ordered the school district to reimburse the parents for the 1999-2000 school year. *Id.* at 163. However, the parties disputed whether the SRO's decision retroactively changed the child's pendency placement such that the parents could recover reimbursement for the 2000-2001 school year. *Id.* at 164-66. The Second Circuit thus confronted the question of whether "the November 2001 SRO decision [can] be applied retroactively to change T.M.'s pendency to Maplebrook at some undefined date during the 2000–2001 school year, thus giving effect to the untimely SRO decision in the parents' favor." *Id.* at 165. The Second Circuit noted that the SRO decision, through no fault of the parents, was issued nearly one year *after* the regulatory deadline, which requires the SRO to issue a decision thirty days after receipt of the parents' appeal. *Id.* at 161, 164. The Second Circuit noted that had the SRO's decision been timely issued, its order would have come down during the 2000-2001 school year, thus entitling the parents to "reimbursement on a pendency basis for at least part of the 2000–2001 school year." *Id.* at 164-65. Accordingly, the Second Circuit, relying on the IDEA's grant of equitable authority, held that denying retroactive pendency reimbursement in these circumstances would be "unfair to the parents." *Id.* at 164. The Second Circuit remanded to the district court to consider whether to compel pendency payments retroactive to the date the SRO "*should* have rendered a decision" under the statutory framework. *Id.* at 165-66 (emphasis in original).

In line with this decision, numerous courts relying on their equitable authority have found untimely administrative decisions that resolve in parents' favor to retroactively change a child's pendency placement as of the date when the relevant administrative decision should have issued. *See, e.g.*, *Boffa v. Banks*, 764 F. Supp. 3d 120, 132 (S.D.N.Y. 2025) (retroactively applying pendency changing decision that occurred after school year for which plaintiffs sought reimbursement because "had the IHO and SRO issued their opinions within the time allotted by

New York law, A.M.'s pendency placement would unquestionably have been iBrain" for that school year); *see also R.S. v. New York City Dep't of Educ.*, No. 21-CV-2257 (JPO), 2022 WL 902671, at *2 (S.D.N.Y. Mar. 28, 2022) (ordering DOE to make pendency payments starting at "the date on which" the IHO's decision "should have been issued"); *S.H.W.*, 2023 WL 2753165, at *6-7 (same). Undergirding this principle is the fact that "the financial burden of pendent placement should not be borne by parents whose position" has ultimately been vindicated by the administrative process. *R.S.*, 2022 WL 902671, at *2 (citation modified).

Thus, the key issue with respect to retroactivity is when the administrative proceedings concerning the April 2023 DPC should have been completed pursuant to the regulatory deadlines—*i.e.*, when should the July 1, 2024 SRO Decision should have been issued if timely made. *See Mackey*, 386 F.3d at 165; *Boffa*, 764 F. Supp. 3d at 132; *R.S.*, 2022 WL 902671, at *2.

Plaintiffs did not appear to raise this issue in the administrative proceedings below and do not address the timeliness of the SRO decision in their opening brief. *See generally* Pls. Mem. However, Plaintiffs argue in their Reply that the July 1, 2024 SRO Decision was untimely and pendency should run from date it should have been issued. Pls. Reply at 5-7 (arguing that "pendency runs not from when the decision was issued, but from when it should have issued"). Plaintiffs argue that the SRO decision should have been issued on September 12, 2023—145 days after the April 2023 DPC was filed. Pls. Reply at 5. Plaintiffs explain that the IHO had 75 days to issue an order and that the SRO then had 70 days "to complete its review" of the IHO decision.[10] Pls. Reply at 5. Plaintiffs' calculation of the regulatory deadline is consistent with the regulatory

[10] While Plaintiffs do not explain the basis for SRO's 70-day review, presumably they are referencing the 40 days that Plaintiffs have to appeal a decision and the subsequent 30 days the SRO has to issue its decision. *See* 8 N.Y.C.R.R. § 279.4(a); 8 N.Y.C.R.R. § 200.5(k)(2); *see also S.H.W.*, 2023 WL 2753165, at *6.

framework laid out above, *see infra* Background, Section I, assuming they waited the full forty days before appealing the IHO's denial to the SRO.

Defendants also failed to address the timeliness of the July 1, 2024 SRO Decision in their opening brief. Rather, Defendants contest Plaintiffs' argument that it was issued untimely only in their Reply. With no sense of irony, Defendants, in their own Reply, which was submitted ten days late, make the legalistic argument that Plaintiffs waived their timeliness argument in failing to raise it in their opening brief. Defs. Reply at 5. This legalistic argument runs contrary to the settled understanding that in crafting appropriate relief in IDEA cases, the court's broad discretion must take equitable considerations into account. *See Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 374 (1985) ("[E]quitable considerations are relevant in fashioning relief" in any IDEA action); *L.O. v. New York City Dep't of Educ.*, 822 F.3d 95, 125 (2d Cir. 2016) ("[A] court may award various forms of retroactive and prospective equitable relief, including reimbursement of tuition, compensatory education, and other declaratory and injunctive remedies.") (quoting *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 454 (2d Cir. 2015)). Moreover, this technical argument fails; the Court may consider the timeliness issue given Plaintiffs raised it in their opposition to Defendants' cross-motion for summary judgment. *See Kraemer v. HSBC USA Inc.*, No. 00-cv-9568 (DLC), 2001 WL 893679, at *2 (S.D.N.Y. Aug. 8, 2001) ("Because defendant's reply was also its opposition to plaintiff's cross-motion for summary judgment, however, the Court will consider the argument.").

Defendants argue that, in any event, the July 1, 2024 SRO Decision was untimely only by a single day and thus has no effect on the 23-24 SY. Defs. Reply at 5. Defendants, without addressing the timeliness of the underlying IHO decision, assert, without any citation to the record, that Plaintiffs appealed the IHO decision on May 10, 2024, and that after the SRO granted the

DOE a two-week extension of time to answer Plaintiffs' request for review, the statutory deadline for a decision was thus set at June 30, 2024. Defs. Reply at 5.[11] Accordingly, Defendants seek to capitalize on their contention that, by reason of the DOE protracting the review process by two weeks, the July 1, 2024 SRO decision was untimely by only one day. Defs. Reply at 5.

The Court gives no weight to the Defendants' wholly unsupported factual assertions underlying their calculations about the proper timing of decisions that have no basis in the record. *See C.S.,* 990 F.3d at 165 (in resolving motions for summary judgment in the IDEA context, a court, after reviewing the administrative record, must make a determination based on a preponderance of the evidence). Indeed, Defendants entirely fail to address whether the initial IHO decision was rendered in a timely fashion and there is no evidence before the Court that the statutory deadline by which the SRO had to render a decision was ever lawfully extended. *See S.H.W.*, 2023 WL 2753165, at *8 (finding administrative decision was untimely issued and rejecting defendant's argument that the statutory deadline was lawfully extended where defendant had "utterly failed to produce evidence documenting the granting of an extension, which should hardly have been difficult to obtain if it existed"). Further, Defendants fail to articulate how a single two-week extension can render timely the July 1, 2024 SRO Decision given it was issued over a year and two months *after* the April 2023 DPC was filed. Where the record is silent as to any extensions of the IHO and SRO's statutory deadlines to render a decision, it would defy logic to require Plaintiff to prove a negative—*i.e.*, that no extensions were ever provided to extend the date by which the IHO or SRO had to issue its respective decision. Thus, Defendants have not

[11] The assertion that the regulatory deadline was June 30, 2024 is particularly puzzling given the governing regulatory deadline provides that the SRO has 30 days to issue a decision upon receipt of a request for review. S*ee* 8 N.Y.C.R.R. § 200.5(k)(2). Thus, even factoring in the two-week extension to the 30-day deadline, this means the SRO decision should have issued on June 23, 2024, not June 30, 2024.

come close to meeting their burden of proof with respect to this issue given the glaring absence of any record evidence in their favor.

On the other hand, Plaintiffs have shown by a preponderance of the evidence that the July 1, 2024 SRO Decision was issued untimely, in violation of the compliance date pursuant to the governing statutory regulations. *See C.S.,* 990 F.3d at 165. Plaintiffs have met their burden of proof that the July 1, 2024 SRO Decision should have been issued by September 12, 2023 by pointing to the regulatory framework and the absence of any evidence of lawful extensions. For their part, Defendants offer no evidence to rebut Plaintiffs' showing.

Thus, invested with equitable authority and cognizant of the overarching goal of fashioning appropriate relief in the IDEA context to ensure children are afforded a FAPE, *see L.O.*, 822 F.3d at 125; *Mackey*, 386 F.3d at 165, the Court concludes that, pursuant to the statutory deadlines discussed in detail above, the July 1, 2024 SRO Decision should have issued on September 12, 2023—145 days after the April 2023 DPC was filed on April 20, 2023. *See* Pls. Reply at 5. This date takes into account that an IHO must render a decision on a due process complaint within seventy-five days of its filing, *see Z.Q. by G.J.*, 2023 WL 1486387, at *2 (summary order), that an aggrieved parent has forty days to appeal the IHO's decision, *see* 8 N.Y.C.R.R. § 279.4(a), and the SRO, in turn, has thirty days to rule upon receipt of the appeal. 8 N.Y.C.R.R. § 200.5(k)(2); *see also S.H.W.*, 2023 WL 2753165, at *6.

Pursuant to *Mackey* and given Defendants' position is wholly unsupported by any record evidence, the July 1, 2024 SRO Decision established K.A.'s pendency placement as of September 12, 2023, the date the decision should have been issued. *See Mackey*, 386 F.3d at 166; *S.H.W.*, 2023 WL 2753165, at *8; *R.S.*, 2022 WL 902671, at *2. Therefore, given the equitable considerations relevant in fashioning appropriate relief in IDEA cases, *see L.O.*, 822 F.3d at 125;

*Mackey*, 386 F.3d at 165, the Court concludes that Defendants must reimburse Plaintiffs for all tuition and additional services mandated by the July 1, 2024 SRO Decision, namely special transportation and 1:1 nursing services, from September 12, 2023 until the end of the 23-24 SY.[12] As discussed and for the avoidance of any doubt, Defendants, as they recognize, are otherwise obligated to fund K.A.'s tuition at iBrain for the entire 23-24 SY.

**II. Plaintiffs Are Not Entitled To Late Fees and Interest**

Conspicuously absent from Plaintiffs' Complaint and their motion for summary judgment is any request for late fees and/or interest with respect to any missed payments for special transportation and 1:1 nursing services during the 23-24 SY. *See generally* Complaint; Pls. Mem. Nonetheless, in their brief in opposition to Defendant's cross-motion, Plaintiffs argue for the first time that the DOE must also pay late fees and/or interest incurred by reason of DOE's failure to pay for the special transportation and 1:1 nursing services during the 23-24 SY. Pls. Reply 9-12. Defendants argue that Plaintiffs never raised this demand in their Complaint or in their opening brief. Defs. Reply at 7-8. Defendants also argue that Plaintiffs are not entitled to late fees or interest in any event. *Id.*

Since Plaintiffs failed to raise this request in their Complaint and did not even seek such fees in their motion for summary judgment, Plaintiffs request for late fees and/or interest is denied. It is well established that a party cannot use its opposition to a dispositive motion as a means to amend its complaint. *Avillan v. Donahoe*, 483 F. App'x 637, 639 (2d Cir. 2012); *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007).

---

[12] Since the Court grants judgment as a matter of law on this issue in favor of Plaintiffs, the Court need not reach Plaintiffs' alternative basis for the same relief under 42 U.S.C. § 1983. *See* Pls. Mem. at 14 ("In the alternative to reversing the [Dec. 19, 2024 SRO Decision that] refus[ed] to require a pendency order, Plaintiffs request the Court, under the authority of 42 U.S.C. § 1983, order DOE to fulfill its statutory pendency obligation and fully fund K.A.'s pendency for the 2023-2024 SY.").

**III. Attorneys' Fees**

Plaintiffs also move for the costs and attorneys' fees of maintaining this action. Pls. Mem. at 1. The IDEA permits a court to "award reasonable attorneys' fees" to a "prevailing party" "[i]n any action or proceeding brought under" the statute. 20 U.S.C. § 1415(i)(3)(B). Plaintiffs are prevailing parties given they have succeeded on a significant issue in this litigation and have achieved the principal benefit sought by their suit. *See Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 n.1 (2d Cir. 2000); *see also Boffa*, 764 F. Supp. 3d at 122. Accordingly, Plaintiffs are entitled to reasonable attorneys' fees.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for summary judgment is granted and Defendants' cross-motion for summary judgment is denied. Defendants must reimburse Plaintiffs for all tuition and services mandated by the July 1, 2024 SRO Decision, including special transportation and 1:1 nursing services, from September 12, 2023 until the end of the 23-24 SY. Further, as Defendants concede and to the extent they have not done so already, Defendants must otherwise fund K.A.'s tuition at iBrain for the entirety of the 23-24 SY. However, Plaintiffs are not entitled to late fees and/or interest.

The parties are directed to file a joint letter within thirty days of this Order indicating whether they believe it would be more productive to pursue any further requests for relief, including any requests for attorneys' fees and costs, through a settlement conference before the assigned Magistrate Judge or through motion practice.

The Clerk of Court is respectfully requested to terminate docket entries 16 and 25.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: September 28, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**